1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

11   DARREGUS T. ROBINSON,                    )   Case No.: 1:23-cv-00126-SKO (HC)
                                              )
12              Petitioner,                   )   ORDER DIRECTING CLERK OF COURT TO
                                              )   ASSIGN DISTRICT JUDGE
13        v.                                  )
                                              )   FINDINGS AND RECOMMENDATION TO
14                                            )   DISMISS PETITION FOR WRIT OF HABEAS
                                              )   CORPUS
15   WARDEN TRATE,                            )
                                              )
16              Respondent.                   )   [THIRTY-DAY OBJECTION DEADLINE]
                                              )
17   _____

18        Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in

19   Atwater, California.  He filed the instant federal petition on January 27, 2023, challenging his

20   conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court

21   finds that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e). Therefore, the

22   Court will recommend the petition be SUMMARILY DISMISSED.

23                                   **BACKGROUND[1]**

24        On October 17, 2006, a grand jury returned an eleven-count indictment against Petitioner and

25   his co-defendant.  Petitioner was charged with three distinct armed car jackings, two separate armed

26

27   _____
     [1] The procedural background is derived from the Order and Amended Report and Recommendation of
28   April 17, 2019, in Petitioner's § 2255 motion filed in the United States District Court for the Northern
     District of Florida.  See United States v. Robinson, 3:14-cv-00337-LC-CJK (N.D.Fla. 2014) (ECF
     142).

                                              1

robberies, and possession of a firearm by a convicted felon. The offenses were charged as follows: Counts One, Three, and Five, carjacking in violation of 18 U.S.C. §§ 2119 and 2; Counts Two, Four and Six, use of a firearm during and in relation to the aforementioned carjackings in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; Counts Seven and Nine, Hobbs Act Robbery in violation of 18 U.S.C. §§ 1951 and 2; Counts Eight and Ten, use of a firearm during and in relation to the aforementioned robberies in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and Count Eleven, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  The offenses allegedly occurred between November 18, 2005, and December 7, 2005.

Represented by an attorney, Petitioner entered a guilty plea as charged in the indictment. Before Petitioner pled guilty, as is customary, the Government stated on the record the facts it was prepared to prove as to each of the offenses if the case went to trial.  Petitioner admitted the facts were true and correct and that he did what the Government stated he did.

The Presentence Investigation Report ("PSR") was prepared using the 2006 edition of the Guidelines Manual.  The adjusted offense level for each of the three carjacking charges, calculated separately, was 23.  The adjusted offense level on each of the two robberies was 20 (Count Seven) and 22 (Count Nine).  After the multiple count adjustment, Petitioner's combined adjusted offense level was 27.  Petitioner's three-level adjustment for acceptance of responsibility reduced his total offense level to 24.  Petitioner had fourteen criminal history points, yielding a criminal history category of VI. The applicable guidelines range for a total offense level of 24 and a criminal history category of VI was 100 to 125 months.  Petitioner's sentence was largely driven by the statutory terms applicable to the § 924(c) offenses.

The PSR reflects the statutory maximum term of imprisonment on each of the carjacking offenses charged in Counts One, Three and Five was 15 years.  Count Two (using a firearm in the commission of the carjacking) carried a mandatory minimum consecutive term of 10 years with a maximum of life.  There was a 25-year mandatory minimum term of imprisonment on Counts Four,

Six, Eight and Ten, each of which also had to run consecutively to all other counts.[2]  The Hobbs Act Robbery offenses charged in Counts Seven and Nine had maximum terms of 20 years' imprisonment, and the felon in possession offense charged in Count Eleven had a maximum term of 10 years' imprisonment.  Because Counts Two, Four, Six, Eight and Ten were to run consecutively, Petitioner faced an additional 110 years of imprisonment in addition to his guidelines sentence.

Before Petitioner's sentencing, the Government filed a sealed motion with the district court.  At sentencing, Petitioner's attorney read a brief statement Petitioner had prepared and asked for mercy on his client's behalf.  The Court departed from the applicable guidelines range and on February 16, 2007, sentenced Petitioner to a total term of 720 months (60 years).  Petitioner did not file a direct appeal.  Petitioner's judgment thus became final when the fourteen-day time period for filing an appeal expired.

Petitioner filed an unsigned "Petition for Writ of Habeas Corpus Ad Subjiciendum [sic] 28 U.S.C. § 2241(c)(3)" dated February 9, 2014, with the Florida District Court.  Petitioner was incarcerated in Colorado at the time.  Although Petitioner's submission bore the Florida criminal case number, the clerk docketed the pleading as it was styled and opened a new case under 28 U.S.C. § 2241.  The magistrate judge directed Petitioner to file an amended petition on the proper court form.  Petitioner moved for, and was granted, extensions of time to comply.  After he moved for appointment of counsel, the court denied the motion and transferred the case to the Central District of California, where Petitioner was then incarcerated.

The United States District Court for the Central District of California issued a memorandum and order transferring the petition back to the Florida District Court.  In its order, the California District Court noted the transfer was "based upon petitioner's mislabeling the action as one brought pursuant to 28 U.S.C. § 2241," and that the action was "more correctly construed as a motion pursuant to 28 U.S.C. § 2255."  When the case was transferred back to the Florida court, the clerk docketed the

---

[2] Under § 924(c), the penalty for a first time offense for using or carrying a firearm in furtherance of a crime of violence is a minimum of not less than 10 years if the firearm is discharged, § 924(c)(1)(A)(iii), and increases to a minimum of 25 years for a second or subsequent violation.  18 U.S.C. § 924(c)(1)(C)(ii).

petition as a motion pursuant to 28 U.S.C. § 2255, opened a corresponding civil case, and treated the petition as a § 2255 motion.

In Petitioner's 2014 § 2255 motion, he raised the following four (4) claims:

(1) The district court erred in imposing multiple sentences based upon a single indictment;

(2) The district court erred in imposing multiple sentences for offenses that were part of a "single common scheme;"

(3) The district court erred in sentencing him as an armed career offender; and

(4) Counsel's performance was constitutionally ineffective at sentencing.

The Magistrate Judge recommended the 2014 § 2255 motion be summarily dismissed, finding that claims 1, 2 and 4 were untimely and should have been raised in a direct appeal and claim 3 was without merit because Petitioner had not been sentenced as an armed career criminal. The Florida District Judge adopted the Report and Recommendation and issued an order dismissing and denying the 2014 § 2255 motion. Petitioner filed an objection to the Report and Recommendation, which was not received by the clerk until after the entry of judgment. The District Judge considered the objections as timely and again concluded that the Report and Recommendation should be adopted. Petitioner appealed the District Court's decision to the Eleventh Circuit Court of Appeals, and in 2015, the appellate court denied Petitioner's request for a certificate of appealability, as well as his motion for reconsideration.

In June 2016, Petitioner petitioned the Eleventh Circuit for leave to file a second or successive § 2255 motion, indicating in his proposed second § 2255 motion that he wanted to assert claims based on Johnson v. United States, 135 S.Ct. 2251 (2015). On June 27, 2016, the appellate court denied the petition as unnecessary, finding that Petitioner's proposed second § 2255 motion was not successive since there was no evidence he had been given proper warning, pursuant to Castro v. United States, 540 U.S. 375 (2003), before his § 2241 petition was converted to a § 2255 motion.

On June 28, 2016, Petitioner filed a § 2255 motion in the Florida District Court. Petitioner presented the following nine (9) points of argument and questions:

Point of Argument One: The District Court erred by sentencing Petitioner to multiple assessments from one indictment in violation of the 5th, 6th, 8th and 14th Amendments.

4

1
2
Point of Argument Two: The District Court erred by sentencing Petitioner for multiple offenses that occurred from a single common scheme and were consolidated for trial and sentencing that were from one arrest in violation of the 5th, 6th, 8th and 14th Amendments.

3
4
Point of Argument Three: 18 U.S.C. § 924(c) is constitutionally vague because it is arbitrarily enforced and is capricious and discriminatory.

5
Point of Argument Four: Johnson announced a substantive rule that has retroactive effect in cases on collateral review.

6
7
Point of Argument Five: The vagueness doctrine applies to laws that prohibit conduct and fix punishments.

8
Point of Argument Six: Petitioner's underlying § 1951(A) offenses do not meet the requirements to qualify as crimes of violence under the force clause of § 924(c).

9
10
Point of Argument Seven: Petitioner's attorney at sentencing and postconviction was ineffective in violation of the 6th Amendment.

11
Point of Argument Eight:  The District Court erred by sentencing Petitioner to multiple 18 U.S.C. § 924(c) firearm offenses when there was only one instance in which an actual firearm was used.

12
13
Question Presented #8:  Petitioner should be granted relief based on a fundamental injustice when Petitioner was never in possession of a dangerous weapon (firearm) as to counts 3, 5, 7 and 9 of his conviction.

14

15
16
17
The Florida District Court determined that Arguments One, Two, Seven, and Eight, and Question Eight, were time-barred.  Arguments Three, Four, Five and Six were rejected because the court determined that Johnson was inapplicable to the facts of the case.

18
19
20
On June 14, 2019, Petitioner appealed to the Eleventh Circuit Court of Appeals.  See Robinson, 3:14-cv-00337-LC-CJK (N.D.Fla. 2014) (ECF 151).  On November 13, 2019, the appellate court denied the appeal. Id. (ECF 165).

21
22
23
24
25
26
27
28
On May 26, 2020, Petitioner filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  Id. (ECF 174).  Petitioner requested that his sentence be reduced pursuant to the "compassionate release" provision of the First Step Act of 2018 ("FSA"), codified at 18 U.S.C. § 3582(c)(1)(A).  Previously, Petitioner had requested relief under the amendments instituted in the First Step Act.  See Robinson, 3:14-cv-00337-LC-CJK (ECF 138).  In rejecting his motion, the Florida District Court had noted that revisions to the penalty provisions of § 924(c)(1)(C)(i) by the First Step Act did not apply to offenses committed before the enactment date of December 21, 2018, and Petitioner was sentenced in 2007.  In his motion for sentence reduction, Petitioner contended that,

5

were he to be sentenced today, the firearm statutes under which he was convicted would provide for much shorter mandatory minimum sentence terms.  Noting again that the revisions to the criminal statute under which Petitioner was sentenced, 18 U.S.C. § 924(c), were not made retroactive, the Court determined that it had the discretion under § 3582(c)(1)(A) as a means to grant relief.  Id. (ECF 193.)  On April 8, 2021, the Florida District Court granted the motion to the extent that his terms of imprisonment under Counts Four, Six, Eight, and Ten were each reduced to 117 months, with each count to run consecutively to one another and to all other counts, thus reducing his total term of imprisonment from 720 months to 588 months.  Id. (ECF 193.)

On April 26, 2021, Petitioner filed a notice of appeal. Id. (ECF 194.)  On November 9, 2021, the appeal was dismissed for failure to pay the filing fee. Id. (ECF 208.)

On January 27, 2023, Petitioner filed the instant habeas petition.  Petitioner claims the Florida District Court erred in granting his motion for compassionate release.  He contends that the First Step Act eliminated the "stacking" of § 924(c) penalties. He alleges that he was resentenced on April 8, 2021, for multiple § 924(c) offenses in violation of the First Step Act's elimination of "stacking."

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865.  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test

6

the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." <u>Stephens</u>, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); <u>see Harrison v. Ollison</u>, 519 F.3d 952, 956 (9th Cir. 2008); <u>Hernandez</u>, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012); <u>see</u> 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. <u>Id.</u>, 328 F.3d 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. <u>Harrison</u>, 519 F.3d at 959; <u>Stephens</u>, 464 F.3d at 898; *accord* <u>Marrero</u>, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. <u>Ivy</u>, 328 F.3d at 1060.

Here, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Northern District of Florida, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Florida District Court, not a habeas petition pursuant to § 2241 in this Court. Petitioner acknowledges this fact, but contends the remedy under § 2255 is inadequate and ineffective.

Petitioner's argument is unavailing, because he does not present a claim of actual innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his claim.

### A.  Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898.  In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Actual innocence means factual innocence, not mere legal insufficiency.  Id.  In this case, Petitioner is not claiming he is actually innocent of his offenses.  Rather, he takes issue with the sentence, claiming the sentencing court granted him a sentence reduction improperly.  Such a claim is "purely a legal claim that has nothing to do with factual innocence."   Marrero, 682 F.3d at 1193.  Moreover, the proper venue for challenging the sentencing court's decision is the Eleventh Circuit Court of Appeal.  Relief under § 2241 is therefore foreclosed.

### B.  Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

Here, Petitioner has taken advantage of multiple opportunities to present his claims.  For instance, the claims were considered and rejected by the Florida District Court in its decision of May 7, 2019.  See Robinson, 3:14-cv-00337-LC-CJK (ECF 142, 146.)  The claims were then raised to the Eleventh Circuit Court of Appeal where they were denied.  Id. (ECF 148, 151, 165.)  Further, Petitioner raised his claims in his motion for sentence reduction of August 31, 2020.  Id. (ECF 181).  As previously discussed, Petitioner was granted limited relief on April 8, 2021.  Id. (ECF 193).  To the extent Petitioner contends that the Florida District Court erred in its sentence reduction, Petitioner had

an opportunity to challenge the decision in his appeal to the Eleventh Circuit dated April 26, 2021.  Id. (ECF 194.)

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be summarily dismissed for lack of jurisdiction.

## ORDER

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  __**January 31, 2023**__          _____/s/ *Sheila K. Oberto*_____
                                                      UNITED STATES MAGISTRATE JUDGE