UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREGUS T. ROBINSON,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN TRATE,<br><br>  Respondent. | Case No.: 1:23-cv-00126-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed a federal habeas petition on January 27, 2023, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) After conducting a preliminary review of the petition, on February 1, 2023, the Court issued Findings and Recommendations to dismiss the petition. (Doc. 5.) Petitioner was granted leave to file objections. However, rather than file objections, on February 16, 2023, he filed a first amended petition. For essentially the same reasons, Petitioner fails again to satisfy the "savings clause" or "escape hatch" of § 2255(e). Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

1

## DISCUSSION[1]

As previously stated, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or

---

[1] The procedural background has already been set forth in the Court's prior Findings and Recommendations. For the sake of judicial economy, it will not be reprinted here.

2

ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

Here, Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Northern District of Florida, rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Florida District Court, not a habeas petition pursuant to § 2241 in this Court.  Petitioner acknowledges this fact, but contends the remedy under § 2255 is inadequate and ineffective.  Petitioner's argument is unavailing, because he does not present a claim of actual innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his claim.

A.  Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898.  In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Actual innocence means factual innocence, not mere legal insufficiency. Id.  In this case, Petitioner is not claiming he is actually innocent of his offenses.  Rather, he takes issue with the sentence.  He claims that the First Step Act of 2018 modified the penalty provisions of § 924(c)(1)(C)(i) such that, were he sentenced today, he would not receive a

"stacked sentence" combining all of his § 924(c) counts. Claims of sentencing error have nothing to do with factual innocence of the crimes of conviction and, therefore, are insufficient to invoke the savings clause. See Frank v. Banks, 2011 WL 3477096, at *3–5 (C.D. Cal. July 15, 2011), *adopted*, 2011 WL 3476602 (C.D. Cal. Aug. 9, 2011) (agreeing that "every circuit" to have addressed the issue "has concluded that the savings clause embodied in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence"); Saikaly v. Smith, 2006 WL 2827690, *1 (E.D. Cal. Sept. 29, 2006) ("Petitioner claims constitutional error in the calculation of his sentence. Sentencing error does not constitute actual innocence ...."); Bousley, 523 U.S. at 623 (a claim of actual innocence requires a showing of factual innocence, not legal insufficiency); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (the mere assertion of innocence, without a showing of "evidence tending to show that [the petitioner] did not commit the [acts] underlying his convictions," is insufficient to satisfy the actual innocence standard). Petitioner's failure to assert a claim of factual innocence alone bars him from qualifying for the § 2255 escape hatch. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence).

B. Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

Here, it is clear Petitioner has taken advantage of several opportunities to present his claims. For instance, the claims were considered and rejected by the Florida District Court in its decision of May 7, 2019. See Robinson, 3:14-cv-00337-LC-CJK (ECF 142, 146.) The claims were then raised to the Eleventh Circuit Court of Appeal where they were denied. Id. (ECF 148, 151, 165.) Further, Petitioner raised his claims in his motion for sentence reduction of August 31, 2020. Id. (ECF 181). As previously discussed, Petitioner was granted limited relief on April 8, 2021. Id. (ECF 193). To the extent Petitioner contends that the Florida District Court erred in its sentence reduction, Petitioner had

an opportunity to challenge the decision in his appeal to the Eleventh Circuit dated April 26, 2021.  Id. (ECF 194.)

The Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be summarily dismissed for lack of jurisdiction.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the First Amended Petition be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 21, 2023**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE